IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOARDS OF TRUSTEES OF**
**THE OHIO LABORER'S FRINGE**
**BENEFIT PROGRAMS,**

    **Plaintiffs,**

v.                            **Case No. 2:17-cv-216**
                                 **CHIEF JUDGE EDMUND A. SARGUS, JR.**
                                 **Magistrate Judge Elizabeth Preston Deavers**

**A&J CEMENT CONTRACTORS, INC.,**
    **et. al,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment against A&J Cement Contractors, Inc. (ECF No. 9).[1] For the reasons that follow, the Court **GRANTS** Plaintiffs' motion.

On March 15, 2017, Plaintiffs filed a Complaint against A&J Cement Contractors, Inc., and John Calabrese. (ECF No. 1). Plaintiffs are the fiduciaries of three employee benefits trusts and one labor management cooperative trust. They seek to recover unpaid contributions to employee benefit plans under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, plus liquidated damages and interest. Plaintiffs also seek attorney's fees and costs.

On the grounds that Defendants were properly served with summonses and copies of the Complaint (*see* ECF Nos. 3, 4) and have failed to answer, move, or otherwise plead, Plaintiffs filed a motion for entry of default (ECF No. 5). On May 11, 2017, Plaintiffs obtained an entry of default against Defendants A&J Cement Contractors and John Calabrese from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). (ECF No. 6.) On August 8, 2017, Plaintiffs filed this Motion for Default

---

[1] Plaintiffs also request the Court to grant their request to dismiss the claims against Defendant John Calabrese (alleging that he is the alter ego of A&J Cement Contractors, Inc.) without prejudice. (ECF No. 9.)

Judgment against Defendant A&J Cement Contractors, and requested dismissal without prejudice against John Calabrese. (ECF No. 9).

Plaintiffs inform the Court, based upon their review of records relating to the contractual obligations of Defendants to Plaintiffs, that the following monies are due:

> Plaintiffs move the Court to issue an Order granting them a Default Judgment against Defendant A&J Contractors, Inc. in the amount of Fifty-Eight Thousand Two Hundred Thirty-Three Dollars and Twenty-Seven Cents ($58,233.37) in known unpaid fringe benefit contributions, liquidated damages and interest for the period March, 2014 through April, 2017 and the sum of Three Thousand Four Hundred Thirty Dollars and No Cents ($3,430.00) representing attorney fees, and costs as provided for by ERISA Section 502(g)(2), 29 U.S.C. 1132(g)(2) and the collective bargaining agreement.

(ECF No. 9, at 2; *see* Affidavit of Brian Gaston, ECF No. 9-2).

Given these facts and the complete absence of opposition by Defendants to Plaintiffs' motion for default judgment, the calculations of damages stated therein – supported by the affidavit of Plaintiffs' Contractor Relations Manager, Brian Gaston – make fixed and certain the amount of Plaintiffs' damages. The same is true for the calculation of attorney's fees attested to by attorney Steven L. Ball (ECF No. 9-1). Consequently, Default Judgment in the amounts set forth in Plaintiffs' memorandum in support of default judgment is appropriate without an adversarial hearing. *See* Fed. R. Civ. P. 55(b). Having reviewed Plaintiffs' motion and affidavits, the Court finds that the motion is well taken.

**IT IS THEREFORE ADJUDGED, ORDERED, AND DECREED:**

1. Plaintiffs' Motion for Default Judgment against A&J Cement Contractors, Inc. is **GRANTED**;

2. Plaintiffs' Motion to Dismiss the claims against John Calabrese without prejudice is **GRANTED**;

3. Default Judgment is entered in Plaintiffs' favor against Defendant A&J Cement Contractors, Inc., in the following amounts, as provided for by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) and the collective bargaining agreement:

2

- The amount of $58,233.27 in unpaid fringe benefit contributions, liquidated damages and interest for the period March, 2014 through April 2017 (representing $43,470.08 in unpaid contributions and $14,763.1 in liquidated damages and interest);

- The amount of $3,430.00 for Plaintiffs' reasonable attorney's fees;

- Costs for Plaintiffs to pursue this action;

- Interest from the time of judgment at the rate of 1% per month.

The Clerk is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

9-29-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**